(130 So. 166)

### CLEERE v. DOLD PACKING CO.
### 8 Div. 7.

Court of Appeals of Alabama.
Oct. 7. 1930.

Key & Key, of Russellville, for appellant.

Wm. L. Chenault, of Russellville, for appellee.

BRICKEN, P. J.

This cause was tried by the court without a jury, and judgment rendered in favor of plaintiff below, from which this appeal was taken.

The suit was brought by appellee, the Dold Packing Company, against M. F. Cleere, and it was contended by the plaintiff (appellee) that the goods, the price of which is involved in this suit, were sold by it to the defendant (appellant); that the appellant was, at the time of the alleged sale, doing business for himself, in the name of Euclid Cleere. The appellee contended, and offered testimony to that effect, that the appellant bought the business from Euclid Cleere, and conducted the same for himself, in Euclid Cleere's name, and, while so operating the business, he bought the goods, the price of which is sued for, in his brother's name, but that the purchase was made for himself.

The appellant contended that the business was owned by his brother, Euclid Cleere. He admits that he bought the goods involved in this suit, but contended that he bought the same for Euclid Cleere, and that he (appellant) was never the owner of the business; that he never bought the business from Euclid Cleere, and that the goods involved in this suit were bought by him as an agent of and for Euclid Cleere, and that he never became personally liable for the same, and that his brother, Euclid, and not himself, owes the account sued on.

The evidence tended to show that Euclid Cleere was in business at Newburg in Franklin county; that this appellant, M. F. Cleere, bought and took over his brother's business and stated to some of his brother's creditors, including the traveling salesmen for this plaintiff, that he had taken over his brother's business and that he owned and op-

erated it, but that he did not want his brother's creditors generally to know that he had taken this business over, because they would be jumping on him and wanting him to make settlement of the accounts. Witnesses testified that he stated to the salesman of this plaintiff that he was going to continue to run the business in his brother's name so the creditors would not know about the change in the ownership of the business. This appellant made full payment to this plaintiff of the whole account due by his brother, Euclid Cleere, at the time he left and turned the business over to the appellant. The account sued for here was an account for goods, each and every item of which was purchased from plaintiff by appellant and shipped by his specific instructions and charged in the name of Euclid Cleere, under which name he (appellant) was running this business but owning the business himself.

The evidence, being thus in conflict, presented a question of fact for the determination of the court; and upon this we think the decision in this case must be rested. We think the evidence amply sufficient to sustain the court in rendering the judgment fixing liability upon this appellant. Certainly, if the business belonged to appellant, as the preponderance of the evidence tended to show, he (appellant) would be liable for the debts incurred by him in the conduct of said business, and this without reference to the name in which the business was conducted. There appears no prejudicial error in the rulings of the court complained of, and the judgment appealed from is accordingly affirmed.

Affirmed.